the plaintiff's attorneys and only after a garnishment proceeding was taken against them did they concern themselves with the lawsuit and take steps to vacate the judgment. The conduct of the defendant and his insurance company negates the claim that the plaintiff's failure to serve an execution before expiration of term time prevented defendant from seeking relief within the required thirty days. Section 72 of the Civil Practice Act is not intended to relieve a defendant from the consequences of his own negligence. Till v. Kara, 22 Ill App 2d 502, 161 NE2d 363. It is our opinion that the trial court abused its discretion in vacating the judgment and is therefore reversed with directions to reinstate the original judgment.

Order reversed.

ADESKO and MURPHY, JJ., concur.

People of the State of Illinois, Appellee, v. Robert J. Emmerich, Appellant.

Gen. No. 52,602. (Abstract of Decision.)

First District, First Division.

September 30, 1968.

**Norman Gall, Plaintiff-Appellee, v. Flash Cab Company, an Illinois Corporation, and Anthony Streeter, Defendant-Appellant.**

**Gen. No. 52,591.**

First District, Second Division.
October 1, 1968.

Irvin Tischer, of Chicago, for appellant.

Phillip S. Makin, of Chicago (Louis P. Miller, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On July 29, 1965, on motion of the court, an order was entered reciting that "the cause duly coming on pretrial,